# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSE GALVEZ-MONTALVO, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 14-cv-4570 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Jose Galvez-Montalvo's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [1]. For the reasons stated below, Petitioner's motion [1] is denied. The Court declines to certify any issue for appeal pursuant to 28 U.S.C. § 2253(c)(2), and directs the Clerk to enter judgment in favor of the United States.

## I.   Background

Petitioner, a Mexican citizen, was arrested and deported from the United States on or about November 1, 1995. He then reentered the United States and was subsequently arrested and deported again, this time on May 3, 2011. Petitioner reentered the country a third time, and on November 4, 2012, immigration officials found Petitioner in Chicago, Illinois following an arrest for illegal possession of cannabis. On November 5, 2012, Petitioner was processed into the administrative custody of the Immigrations and Customs Enforcement ("ICE"). On December 13, 2012, a grand jury indicted Petitioner, charging him with one count of illegal reentry into the United States. See Case No. 12-CR-975 (N.D. Ill.). Petitioner remained in custody of the immigration authorities until December 19, 2012, when he appeared before Magistrate Judge

Rowland for arraignment, at which time Petitioner was taken into federal custody pursuant to his criminal indictment.

Petitioner pled guilty to the illegal reentry charge on March 26, 2013. Based on a total offense level of 21 and a criminal history category of IV, the advisory guideline range for Petitioner's offense was 57 months to 71 months. On June 9, 2013, the Court exercised its discretion in issuing a below-guideline sentence of 46 months—11 months below the low-end of the guideline range. See Case No. 12-CR-975, Dkt. 22 (N.D. Ill. July 10, 2013). In his present petition for relief pursuant to 28 U.S.C. § 2255, Petitioner argues that his trial counsel was ineffective for failing to argue for a sentence reduction (*i.e.*, a "downward departure") based on the 39 days that Petitioner spent in the custody of the immigration authorities.

## II. Legal Standard

The Seventh Circuit has stressed that "relief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Under § 2255, relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255). A § 2255 motion is not a substitute for a direct criminal appeal. See *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007) (stating that a § 2255 motion is "neither a recapitulation of nor a substitute for a direct appeal").

Petitioner raises one claim of ineffective assistance of counsel in violation of the Sixth Amendment, arguing that his trial attorney was ineffective for failing to request a shorter prison

sentence based upon the time that Petitioner spent in ICE administrative custody.[1] In order to prevail on such a claim, Petitioner must meet the familiar two-pronged "performance" and "prejudice" test set forth in *Strickland v. Washington*, establishing that (1) his lawyer's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that the result of the proceedings would have been different, but for his counsel's "unprofessional errors." *Strickland v. Washington*, 466 U.S. 688, 694 (1984); see also *Ward v. Jenkins,* 613 F.3d 692, 698 (7th Cir. 2010). Both components of the test must be satisfied or the claim must be denied; "the lack of either is fatal." *Eddmonds v. Peters*, 93 F.3d 1307, 1313 (7th Cir. 1996).

Regarding the performance prong, a court must consider "all of the circumstances of [the] case" in determining whether counsel's acts or omissions "were made outside the wide range of professionally competent assistance." *Menzer v. United States*, 200 F.3d 1000, 1003 (7th Cir. 2000) (citing *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995)). "When the only record on which a claim of ineffective assistance is based is the trial record, every indulgence will be given to the possibility that a seeming lapse or error by defense counsel was in fact a tactical move, flawed only in hindsight" such that "[i]t is no surprise that such claims almost always fail." *United States v. Taglia*, 922 F.2d 413, 417–18 (7th Cir. 1991); see also *Strickland*, 466 U.S. at 690 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than

---

[1] The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence." The right to counsel "is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). When a lawyer provides objectively unreasonable advice—that which falls outside "the range of competence demanded of attorneys in criminal cases," *Strickland*, 466 U.S. at 687)—a petitioner is denied his Sixth Amendment rights.

complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.").

Regarding the prejudice prong, if a court finds an attorney's representation to be unconstitutionally deficient, it must then decide whether there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Allen v. Chandler*, 555 F.3d 596, 600 (citing *Strickland*, 466 U.S. at 690). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; see also *Rastafari v. Anderson*, 278 F.3d 673, 688 (7th Cir. 2002). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, "[c]ounsel's errors must have been 'so serious as to deprive the defendant of a fair trial.'" *Carter v. Butts*, 760 F.3d 631, 635 (7th Cir. 2014) (quoting *Strickland*, 466 U.S. at 693). Where the alleged ineffective assistance relates to an error at sentencing, Petitioner must show "a reasonable probability that he received additional prison time because of counsel's error." *United States v. Ruzzano*, 247 F.3d 688, 696 (7th Cir. 2001).

Review of a trial attorney's performance is "highly deferential," and a district court's analysis must begin with a "strong presumption" that the defendant's attorney provided adequate representation to his client. *United States v. Meyer*, 234 F.3d 319, 324–25 (7th Cir. 2000). Petitioner must show that his counsel made "errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

### III. Analysis

Petitioner argues that his counsel was ineffective for failing to request a sentence reduction based on the time that Petitioner spent in immigration custody. Petitioner was arrested on November 4, 2012, and he was in the custody of immigration authorities from November 5,

2012 through December 12, 2012. As such, he argues that his counsel should have requested a sentence reduction of 39 days based on his term of confinement. To clarify, the parties agree that Petitioner was not entitled to "credit" for the time spent in immigration custody because he was not in "official detention" at that time. As the Seventh Circuit recently explained:

> [Defendant] will not receive credit toward his federal sentence for the six months he spent in immigration detention. The Bureau of Prisons awards credit toward a federal sentence only for "official detention" as a result of the offense of conviction or as a result of any other charge for which the defendant was arrested after commission of the offense of conviction. 18 U.S.C. § 3585(b). "Official detention" means detention by the Bureau of Prisons in a facility where the defendant is "completely subject to BOP's control." *Reno v. Koray*, 515 U.S. 50, 63, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995) (holding that residence in community treatment center where defendant was confined pending trial was not official detention). The Bureau of Prisons instructs its officers: "Official detention does not include time spent in the custody of [ICE] * * * pending a final determination of deportability." U.S. Dep't of Justice, Federal Bureau of Prisons, Program Statement No. 5880.28, Change Notice Sentence Computation Manual 1–15A (1997).

*United States v. Estrada-Mederos*, 784 F.3d 1086, 1091–92 (7th Cir. 2015). Despite the BOP's firm stance on refusing to award sentencing credit for time spent in immigration custody, Petitioner argues that his attorney nonetheless should have requested a sentence *reduction* based on his 39-day detention. See 18 U.S.C. § 3553(a) (listing factors to be considered in imposing a sentence that is "sufficient, but not greater than necessary"). Petitioner finds support for his argument in *Estrada-Mederos*, where the Seventh Circuit recently reversed a criminal sentence, holding that the district judge erred by ignoring the defendant's argument that his sentence should have been reduced based on the six months that he spent in immigration custody. *Estrada-Mederos*, 784 F.3d at 1090 ("Defendant's argument for a below-guideline sentence because of his immigration detention also has potential merit."); *id.* at 1092 ("[A] district court could reasonably find that such uncredited confinement warrants a reduced federal criminal

5

sentence."). The Seventh Circuit explained its decision by acknowledging the similarities between federal criminal incarceration and immigration detention:

> Immigration detention, like state incarceration, is a period of confinement that will not be credited toward defendant's federal sentence. Though the immigration custody is civil detention and the state custody is criminal incarceration, the similarities are too strong to ignore. See Anil Kalhan, *Rethinking Immigration Detention*, 110 Colum. L. Rev. Sidebar 42 (2010) (discussing the convergence of immigration detention and criminal incarceration).

*Id.* at 1091. But the takeaway from *Estrada-Mederos* is that a district court must address a sentence-reduction argument of this variety; the opinion says nothing about whether an attorney would be considered ineffective for failing to raise such an argument in the first place.

The Court concludes that Petitioner's counsel's performance was not constitutionally deficient for failing to request a sentence reduction for the 39 days that he spent in immigration custody because the likely success of that argument would have been low, and Petitioner was not prejudiced by his attorney's legal strategy at sentencing. First, Petitioner has not provided any precedent showing that, at the time of his sentencing, defendants were successful in requesting downward departures based on time spent in immigration custody.[2] While the Seventh Circuit recently referred to a similar argument as "potentially meritorious," *Estrada-Mederos*, 784 F.3d at 1092, that opinion was issued in 2015 (*i.e.*, almost two years after Petitioner's sentencing), and the Seventh Circuit only cited Second Circuit cases as examples of other decisions endorsing sentence reductions for time spent in immigration custody. *Id.* at 1092.

---

[2] Petitioner cites several Seventh Circuit cases in support of his argument that there is a "presumption of credit" for time served in immigration custody (he means a presumption in favor of a sentence reduction), but the cases do not support that argument. See *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993) (calculating credits to a federal sentence pursuant to § 3585(b) based on time served on a state conviction); *United States v. Long*, 823 F.2d 1209 (7th Cir. 1987) (government's delay in indicting defendant, which reduced defendant's opportunity of serving his sentence concurrently with a prior conviction, did not result in prejudice because the sentencing judge was able to take the prior sentence and the delay into account in issuing the second sentence).

The "potentially meritorious" argument in *Estrada-Mederos* is also factually distinct from the scenario here. In *Estrada-Mederos*, the defendant (who had a guideline range of 57 to 71 months and received a within-guideline sentence of 57 months), was in immigration detention for more than six months. Here, Petitioner (who had the exact same guideline range of 57 to 71 months but received a below-guideline sentence of 46 months), was in immigration detention for 39 days. See Case No. 12-CR-975, Dkt. 22 (N.D. Ill. July 10, 2013). While "any amount of actual jail time has Sixth Amendment significance," *Glover v. United States*, 531 U.S. 198, 203 (2001), the duration of the immigration detention nonetheless is relevant because it serves as an indicator of prosecutorial delay, which is a factor that weighs in favor of reducing a sentence based on time spent in immigration custody. See *United States v. Long*, 823 F.2d 1209 (7th Cir. 1987) (noting that the Constitution "limits pre-indictment delays that cause substantial prejudice" (citing *United States v. Marion*, 404 U.S. 307, 324 (1971))); see also *Estrada-Mederos*, 784 F.3d at 1091 ("We and other circuits recognize the potential merit of a defendant's argument that a delay in charging calls for a lower federal sentence when the delay deprived the defendant of the opportunity to serve a federal sentence concurrent with a state sentence."). Here, a short detention time implies minimal or no delay (and thus little or no prejudice), diluting the argument in favor of a sentence reduction. Based on this factual distinction, Petitioner's argument is less meritorious than the argument presented by the defendant in *Estrada-Mederos*.

Similarly, the Supreme Court has noted that "the amount by which a defendant's sentence is increased by a particular decision may be a factor to consider in determining whether counsel's performance in failing to argue the point constitutes ineffective assistance." *Glover*, 531 U.S. at 204. And while Petitioner and the defendant in *Estrada-Mederos* both faced guideline ranges of 57 to 71 months, Estrada-Mederos spent more than six months in

immigration custody (*i.e.*, more than 10 percent of the low end of the guideline range), whereas Petitioner's 39-day detention represents approximately 2 percent of the low end of his guideline range. *Id.* at 203–04 (holding that an increase in a prison sentence from 6 to 21 months was significant enough to amount to prejudice for purposes of a *Strickland* analysis). These factual distinctions justify Petitioner's counsel's decision not to raise this argument at sentencing, and also contradict any argument that Petitioner was prejudiced by his attorney's performance.

In addition, the fact that Petitioner's attorney successfully argued for a substantial sentence reduction (*i.e.*, almost 20 percent below the low-end of the guideline range) cuts against the argument that his performance was constitutionally deficient. An attorney's strategic decisions are afforded deference, and an attorney is not ineffective for failing to raise every conceivable non-frivolous argument. *Strickland*, 466 at 689; see also *United States v. Holman*, 314 F.3d 837, 840 (7th Cir. 2002). A district court's analysis must begin with a "strong presumption" that the defendant's attorney provided adequate representation to his client. *Meyer*, 234 F.3d at 324–25. Here, Petitioner's counsel made two arguments in support of Petitioner's request for a below-guideline sentence based on (1) the increased efficiency from Petitioner's cooperation (warranting what is sometimes called a "fast track" reduction), and (2) Petitioner's cultural assimilation in the United States. See Case No. 12-CR-975, Dkt. 17 (N.D. Ill. June 13, 2013). Petitioner's counsel also represented Petitioner at the sentencing hearing, arguing in favor of a below-guideline sentence based on Petitioner's history and characteristics. See 18 U.S.C. § 3553(a)(1). Ultimately, Petitioner's counsel was successful in at least some of his arguments, as the Court issued a below-guideline sentence of 46 months—11 months below the low-end of the guideline range. See Case No. 12-CR-975, Dkt. 22 (N.D. Ill. July 10, 2013). The Court cannot say that Petitioner's counsel was constitutionally ineffective in his legal strategy when

that strategy achieved the intended goal of a below-guideline sentence. See *United States v. Pergler*, 233 F.3d 1005, 1009 (7th Cir. 2000) ("When reviewing ineffective assistance of counsel claims, we presume that the attorneys made reasonable judgments and decline to second guess strategic choices."); *United States v. Blake*, 2014 WL 5464351, at *8–9 (N.D. Ill. Oct. 28, 2014) (trial counsel not ineffective for raising one argument in support of a downward departure instead of another potentially meritorious argument).

For these same reasons, Petitioner has failed to show that "but for counsel's unprofessional errors, the result of the proceedings would have been different." *Allen*, 555 F.3d at 600; see also *Ruzzano*, 247 F.3d at 696 (a petitioner must show "a reasonable probability that he received additional prison time because of counsel's error"). Based on the *potential* merit of the argument in question, the lack of supporting case law establishing precedent for similar reductions based on similar arguments at the time of Petitioner's sentencing, the brevity of Petitioner's immigration detention in comparison to the guideline range, and the fact that Petitioner's counsel successfully argued for a substantial sentence reduction on other grounds, Petitioner has not met his burden. See *Estrada-Mederos*, 784 F.3d at 1091–92 ("Potential merit does not mean the sentencing court must accept the argument."). To be sure, this Court has taken into account lengthy periods of immigration detention at sentencing and has on occasion adjusted a sentence downward accordingly in those circumstances. Here, however, after careful review of the full record, the Court can confidently say that had counsel pointed out the relatively short period noted by Petitioner, it would have made no difference to the sentence imposed. Although sentencing certainly is more art than science, the factors cited by the Court at sentencing in explanation for the substantially below-guideline sentence imposed were far more significant in

the Court's decision-making process and the additional information set out in the petition would not have moved the sentencing needle even a scintilla.

## IV. Certificate of Appealability

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A habeas petitioner does not have an absolute right to appeal a district court's denial of his habeas petition; instead, he must first request a certificate of appealability. See *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El*, 537 U.S. at 336; *Evans v. Circuit Court of Cook Cnty., Ill.*, 569 F.3d 665, 667 (7th Cir. 2009). Under this standard, Petitioner must demonstrate that reasonable jurists would find the Court's assessment of his § 2255 claims debatable or wrong. *Miller-El*, 537 U.S. at 336; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In view of the analysis set forth above, the Court concludes that Petitioner has not made a substantial showing that reasonable jurists would differ on the merits of his ineffective assistance of counsel claim. Thus, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## V. Conclusion

For these reasons, the Court the Court denies Petitioner's motion to vacate, set aside, or correct his conviction and sentence under 28 U.S.C. § 2255 [1]. The Court declines to certify any

issues for appeal under 28 U.S.C. § 2253(c)(2). The Clerk is instructed to enter judgment in favor of the United States.

Dated: May 5, 2016

_____
Robert M. Dow, Jr.
United States District Judge